Susan Page White (SBN: 137125)
BUCHALTER LLP
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: swhite@buchalter.com

Attorneys for Plaintiff
PLACER COUNTY WATER AGENCY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLACER COUNTY WATER AGENCY, a public water agency,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES, LIMITED; ASCOT SYNDICATE 1414; ASCOT UNDERWRITING LIMITED (AS MANAGING AGENT FOR AND ON BEHALF OF ASCOT SYNDICATE 1414); AEGIS INSURANCE SERVICES, INC. (AS AGENT FOR AND ON BEHALF OF ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES, LIMITED and/or ASCOT SYNDICATE 1414);NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-02327-DC-CKD<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**Complaint Filed: 05/29/2025**<br>**Trial Date: None** |

## **[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiff Placer County Water Agency ("Plaintiff) and Defendants Associated

Electric & Gas Insurance Services Limited (incorrectly identified as Associated

Electric & Gas Insurance Services, Limited), Certain Underwriters at Lloyd's,

**STIPULATED PROTECTIVE ORDER**

BUCHALTER 109974454v1

London subscribing to policy number AS5866403P (incorrectly identified as Ascot Syndicate 1414), Ascot Underwriting Group Limited (incorrectly identified as Ascot Underwriting Limited (as managing agent for and on behalf of Ascot Syndicate 1414)), and AEGIS Insurance Services, Inc. (collectively, "Defendants" and together with Plaintiff, the "Parties"; Plaintiff and Defendants may individually be referred to as a "Party"), hereby submit this Proposed Stipulated Protective Order setting forth the conditions for treating, obtaining, and using confidential information.

The Parties submit that GOOD CAUSE exists to enter the Protective Order. Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; and they must follow the court's procedures and seek permission from the court to file material under seal.

This case involves a dispute over insurance coverage under a policy Defendants issued to Plaintiff.  Plaintiff seeks business income loss arising from the September 2022 Mosquito Fire in Placer and El Dorado Counties.  Defendants deny that Plaintiff is entitled to coverage for Plaintiff's business income loss. Plaintiff also has sued Defendants for bad faith.  Therefore, in connection with this action, the Parties expect that discovery in this case will include information that is confidential, proprietary, commercially sensitive or trade secret information

regarding the parties': internal operations competitive business practices; proprietary research and development activities; financial information that is not publicly known or obtainable; and is maintained by its possessor in confidence or required by law or agreement to be kept confidential

## 1.   PURPOSES AND LIMITATIONS

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any other purpose whatsoever.

(b)   The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.

(c)   The Parties further acknowledge, as set forth in Section 12(b) below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

(a)   "CONFIDENTIAL" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

(b)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(c)   "Outside Counsel" means attorneys who are not employees of a Party

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

3

BUCHALTER 109974454v1

to this action but are retained to represent or advise a Party to this action with respect to this action.

(d)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(e)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" as provided for in this Protective Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.    <u>COMPUTATION OF TIME</u>**

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**4.    <u>SCOPE</u>**

(a)    The protections conferred by this Protective Order cover not only Discovery Material governed by this Protective Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Outside Counsel or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

(c)    Nothing in this Protective Order shall be construed to prejudice any

Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5.     DURATION

Even after the termination of this case, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## 6.     ACCESS TO AND USE OF PROTECTED MATERIAL

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order.

(b)     Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(c)     Limitations.  Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Protective Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced,

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BUCHALTER 109974454v1

disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

## 7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b) <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the "CONFIDENTIAL" designation may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the

event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL" during the inspection and re-designated, as appropriate during the copying process.

(c)   Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Protective Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pursuant to Paragraphs 8(a)(iii), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d)   Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the

transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulated Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's staff, and any copying or clerical litigation support services working at the direction of such counsel or its staff;

(ii)     Officers or employees of the Receiving Party who may be, but

need not be, in-house counsel for the Receiving Party, as well as their staff, to whom disclosure is reasonably necessary for this case;

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A and (b) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)   The Court, jury, and court personnel;

(vi)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Mock jurors who have first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)   Any mediator who is assigned to hear this matter, and his or her staff having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and

(ix)   The author or recipient of a document containing the confidential information or a custodian or other person who otherwise possessed or knew the confidential information;

(x)   During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign a copy of Exhibit A; and (ii) they will not be permitted to keep any confidential information unless they sign Exhibit A unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(xi)    To the extent contractually obligated or otherwise required by law, any insurer or reinsurer, and the parties' outside or in-house auditors and/or regulators as necessary in fulfilling their responsibilities in respect to this matter;

(xii)    Any other person with the prior written consent of the Producing Party.

(b)    If it comes to a Producing Party's attention that designated material does not qualify for protection, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 9.    CHALLENGING DESIGNATIONS OF DISCOVERY MATERIAL

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. A Party may challenge the propriety of any designation of Discovery Material under this Protective Order at any time.

(b)    Any challenge to a designation of Discovery Material under this Protective Order shall be provided in a written notice, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    Within 14 days of the date of service of written notice, the objecting Receiving Party and the Producing Party claiming protection shall confer either in person or by videoconference or telephone in a good faith effort to resolve

the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, within 21 days of the initial written notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, either Party may request an intervention. Additionally, the Producing Party designating the Discovery Material as "CONFIDENTIAL" may file and serve a motion to retain confidentiality under Civil Local Rule 230 (and in compliance with Civil Local Rule 141, if applicable). In addition, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The burden of persuasion in any such challenge proceeding shall be on the Producing Party designating the Discovery Material as "CONFIDENTIAL."  The Parties' entry into this Protective Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.  If the Producing Party does not move within 14 days after the meet and confer discussed above to retain confidentiality under Civil Local Rule 7 after a challenge to confidentiality, the confidentiality designation shall be deemed removed.

## 10.   **DATA SECURITY**

(a)   Receiving Party shall maintain or implement an information security management system ("ISMS") to safeguard Protected Materials, including

reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures.

(b)     If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations.  For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this Section do not run from the time of the Data Breach itself.

(c)     Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access.  Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach.  For the avoidance of doubt, nothing in this Section 10 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(d)     If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the

discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach.  Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

(e)     In the event of a Data Breach affecting Protected Material of Designating Party, at Designating Party's request, Receiving Party within 10 business days shall provide a copy of its most recent ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach.

(f)     Receiving Party shall comply with this Section 10 and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law").  If Receiving Party is uncertain whether a particular practice would conform to the requirements of this Section 10, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days, bring the dispute to the Court.  The Party challenging the proposed practice would bear the burden of demonstrating a violation.

## 11.    SUBPOENAS OR COURT ORDERS

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall:

(i)     immediately give prompt written notice thereof to the Producing Party. Such notification shall include a copy of the subpoena or court order;

(ii)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(iii)    cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

(b)    If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's written permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 12.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a)    Pursuant to Federal Rules of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Protective Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Protective Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each

Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 13.     INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Protective Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, counsel for the Receiving Parties shall return or securely destroy all corresponding Discovery Material in its possession that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Protective Order, unless a reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Protective Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material

with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

14.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

15.    **FINAL DISPOSITION**

(a)    Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Producing Party or destroy such Discovery Material. For purposes of this Protective Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.  If any Party is unable to return or destroy Discovery Material due to the nature of any claim file software or statutory or proprietary record-keeping requirements, the Party retaining the Protected Material must ensure that it is designated confidential and that a copy of this Protective Order is maintained with the Discovery Material until such time as it may be destroyed or archived. This includes originals and all

BUCHALTER 109974454v1

copies, duplicates, abstracts, or reproductions of all items designated as Discovery Material.  Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of all Discovery Material for their records consistent with their internal document retention and compliance policies, subject to the obligation to maintain the confidentiality of such Discovery Material in accordance with this Protective Order.

### 16.   **MISCELLANEOUS**

(a)   <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition (as defined in Section 16) of the above-captioned matter. ~~The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.~~

(c)   <u>Successors</u>. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material,

or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court. This Protective Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Protective Order sua sponte in the interests of justice. The United States District Court for the Eastern District of California is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of California.

(g)     Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for

///
///
///
///
///
///
///
///
///
///

deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of California, or the Court's own orders.

DATED:  May 5, 2026                    BUCHALTER LLP

By:  */s/ Susan P. White*
         SUSAN PAGE WHITE
        Attorneys for Plaintiff
     PLACER COUNTY WATER AGENCY

DATED:  May 5, 2026                    ROBINS KAPLAN LLP

By:  */s/ Matthew P. Cardosi*
      MATTHEW P. CARDOSI
     Attorneys for Defendants
ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED (INCORRECTLY IDENTIFIED AS ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES, LIMITED), CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER AS5866403P (INCORRECTLY IDENTIFIED AS ASCOT SYNDICATE 1414), ASCOT UNDERWRITING GROUP LIMITED (INCORRECTLY IDENTIFIED AS ASCOT UNDERWRITING LIMITED (AS MANAGING AGENT FOR AND ON BEHALF OF ASCOT SYNDICATE 1414)), AND AEGIS INSURANCE SERVICES, INC

////

////

////

## ORDER

Good cause appearing, the court hereby approves this Stipulated Protective Order with the modification and further order that once this action is closed, the court will not retain jurisdiction over enforcement of the terms of this discovery protective order. See L.R. 141.1(f).

Dated: May 5, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 plac25cv2327.stip.po

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BUCHALTER 109974454v1